This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41594**

**DENNIS KOEHLER,**

Appellant-Respondent,

v.

**STATE OF NEW MEXICO TAXATION & REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION,**

Appellee-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Clark & Ruyle, LLC
Thomas M. Clark
Santa Fe, NM

for Respondent

Raúl Torrez, Attorney General
Jama Fisk, Special Assistant Attorney General
Santa Fe, NM

for Petitioner

### MEMORANDUM OPINION

**YOHALEM, Judge.**

{1}     In this appeal, this Court is asked to determine whether an administrative hearing officer abused her discretion by ruling that Dennis Koehler forfeited his right to a hearing under the Implied Consent Act (the Act), NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2019), by failing to appear at a scheduled and properly noticed hearing on the revocation of his driver's license. The district court reversed and

reinstated Koehler's license. The Motor Vehicle Division (MVD) appeals from the district court's order rescinding the revocation of Koehler's driver's license. We agree with MVD that the district court erred and, therefore, we reverse and remand for reinstatement of the hearing officer's order.

**BACKGROUND**

**{2}**     Following his refusal on April 13, 2023, to submit to a chemical test to determine his blood or breath alcohol content, law enforcement issued Koehler a driving while intoxicated (DWI) citation and a notice of license revocation. The notice of license revocation informed Koehler that, pursuant to the Act, his license would be revoked in twenty days, and that he could contest the revocation by filing a written request for a hearing within ten days. Koehler, through his attorney, timely requested a hearing, which was scheduled as a telephonic hearing on July 5, 2023, at 1:00 p.m. A certified letter containing the date, time, and method of the hearing was sent to Koehler's attorney on May 9, 2023, and was received and signed for by the attorney's office on May 15, 2023. The hearing officer also sent Koehler's attorney a courtesy email invitation, informing him of the date and time of the hearing and of the access code needed to join the hearing. Subpoenas to appear telephonically were emailed to the law enforcement officers who issued Koehler the DWI citation and notice of revocation—both MVD witnesses.

**{3}**     At 1:00 p.m. on July 5, 2023, the hearing officer and the law enforcement witnesses for MVD called into the conference call system. Neither Koehler nor his attorney appeared. Following a ten-minute grace period, the hearing officer made a brief record, noting that Koehler had forfeited his right to a hearing by not arriving on time, that the hearing officer would not be able to accommodate any requests for continuances because there was insufficient time to reissue subpoenas or hold another hearing before the ninety-day deadline a week later, on July 12, 2023, and sustained the revocation of Koehler's license. The MVD witnesses asked if they could be excused, and the hearing officer responded by telling them that they were excused. The hearing officer then concluded the call.

**{4}**     The hearing officer called into her next scheduled telephonic hearing for a separate case at 2:00 p.m. that same day. Koehler and his attorney were on the line. The hearing officer explained to Koehler and his attorney that they had missed the hearing scheduled for 1:00 p.m., and explained her oral ruling: that Koehler, by failing to attend, had forfeited his right to a hearing on the merits, and that there was insufficient time to accommodate a request for continuance. The hearing officer permitted Koehler's attorney to make a statement on the record. Koehler's attorney explained that he had accidently calendared the hearing for 2:00 p.m., and requested a continuance. The hearing officer instructed Koehler's attorney to put the request for a continuance in writing, as required by 22.600.6.11 NMAC. Koehler's attorney immediately filed the written request for a continuance, stating that counsel and Koehler had inadvertently called at the wrong time, but that they had both been available at 1:00 p.m. when the hearing was set to take place.

**{5}** The hearing officer denied Koehler's continuance request on July 10, 2023. In her decision, the hearing officer explained that "[a] continuance request made within three days of the hearing can only be granted for 'an extraordinary circumstance that the requesting party could not have known earlier,'" quoting 22.600.6.11 NMAC. She stated that "[a] calendaring error is not an extraordinary circumstance that justifies a continuance when notice of the hearing was properly served." Further, the hearing officer stated that there was not enough time to subpoena MVD's witnesses pursuant to MVD regulations because the ten-day notice period would expire more than ninety days after the notice of the revocation. *See* 22.600.6.11 NMAC; 22.600.6.12 NMAC. The hearing officer concluded that "[b]y failing to appear, [Koehler] forfeited the right to a hearing under 22.600.6.16 NMAC."

**{6}** Koehler appealed the revocation of his driver's license to the district court. The district court determined that the hearing officer's decision was not supported by substantial evidence. In comments from the bench, the district court mentioned two categories of evidence that the court believed were missing from the record: (1) whether the hearing officer had excused MVD's witnesses on July 5, 2023, thereby requiring another subpoena and ten days' notice to reappear for the hearing; and (2) whether the hearing officer had checked the court schedule to determine whether she could accommodate a new hearing date before the July 12, 2023 deadline. MVD petitioned for certiorari to this Court, which we granted.

## DISCUSSION

### I. Standard of Review

**{7}** Under the administrative review standard, we determine "whether the decision was (1) arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." *Dixon v. N.M. Tax'n & Revenue Dep't*, 2004-NMCA-044, ¶ 11, 135 N.M. 431, 89 P.3d 680.

### II. The District Court Erred in Rescinding the Revocation of Koehler's Driver's License

**{8}** In rescinding the revocation of Koehler's driver's license, the district court concluded that substantial evidence did not support the hearing officer's determination because "there was no factual determination or finding related to rescheduling or related to the subpoenas of the officers." We disagree and conclude that the district court failed to apply the correct principles of law governing the hearing officer's decision on license revocation when a driver and their attorney fail to appear at a scheduled hearing. Specifically, the district court erred in concluding that a hearing officer has the burden of introducing evidence to support the exercise of their discretion in denying a continuance.

**{9}**     Some of the regulations implementing the Act are applicable to this case. In particular, 22.600.6.16 of the New Mexico Administrative Code explains the consequences of a driver or their attorney failing to appear at a scheduled hearing:

> If a driver who has requested a hearing fails to appear at the scheduled time and place . . . and notice was given to the driver or to the driver's representative of the date, time, and place of the hearing, and no continuance has been granted, the right to a hearing shall be forfeited and the revocation shall be sustained.

*Id.*

**{10}**     Under this regulation, evidence that the driver or the driver's representative did not receive appropriate notice may excuse nonappearance. *See id.* The regulation describes the evidence that the hearing officer may consider concerning notice, including mailing and tracking information, return receipts, note on envelopes from the postal service, and other evidence of mailing and receipt. *See id.* (stating the contents of administrative file that the hearing officer may consider).

**{11}**     There is no claim in this case that the notice of the hearing provided to Koehler and his attorney was inadequate or that it was not received. Absent such evidence, if the driver or his representative fail to appear timely, "the right to a hearing *shall be* forfeited and the revocation shall be sustained." *Id.* (emphasis added). The sole exception is if the hearing officer, in their discretion, has granted or then grants a continuance.

**{12}**     The hearing officer may only entertain a request for a continuance made later than three working days *before* the hearing if there are "extraordinary circumstances that the requesting party could not have known earlier." 22.600.6.11 NMAC. The only claim Koehler made after missing the hearing was that his counsel had made a mistake in calendaring the time of the hearing. No explanation was offered by Koehler's counsel as to why counsel could not have corrected the calendaring mistake when he received the courtesy email listing the correct time and the correct call-in information. The hearing officer found that the calendaring error described by Koehler's attorney as the sole reason for not attending the hearing was not "an extraordinary circumstance that the requesting party could not have known earlier," as required by 22.600.6.11 NMAC to support a continuance.

**{13}**     We agree with the hearing officer that this mistake in calendaring was not an "extraordinary circumstance[] that the requesting party could not have known earlier." *See id.* Absent extraordinary circumstances, the hearing officer is not permitted to consider a request for a continuance made fewer than "three working days prior to the scheduled hearing." *See id.* Therefore, even if the hearing could have been rescheduled within the mandatory ninety-day timeline, the hearing officer's decision denying a continuance and revoking Koehler's driver's license was consistent with the applicable regulatory terms, and should have been affirmed by the district court.

**CONCLUSION**

**{14}**    We reverse and remand for the district court to reinstate the order of the hearing officer revoking Koehler's license for the statutorily-required period.

**{15}    IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**